## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Cause No. CR 25-25-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER**<br>**MOTION TO DISMISS COUNT 4 OF**<br>**THE INDICTMENT** |
| **NATHAN NICHOLAS JOHNSON ST. GODDARD,** | |
| Defendant. | |

## INTRODUCTION

Defendant Nathan Nicholas Johnson St. Goddard ("St. Goddard") moves the Court to dismiss Count 4 of the Indictment, False Statement in violation of § 1001(a)(2), pursuant to Fed R. Crim. P. 12(b)(3)(B)(v). (Docs. 17 and 19.) St. Goddard argues that the Government failed to state an offense for the charge of making a false statement. (*Id.*) The Government opposes the motion. (Doc. 27.)

## FACTUAL BACKGROUND

The Indictment charges St. Goddard with Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a); Sexual Abuse in violation of 18 U.S.C. §§ 1152(a) and 2242(3); Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(1); and False Statement in violation of § 1001(a)(2). (Doc. 1.) As to Count 4, the Indictment alleges that on or about September 10, 2024, St.

1

Goddard, in a matter related to an offense of Sexual Abuse, 18 U.S.C. §§ 2241, et

seq., "did knowingly and willfully make and cause to be made a materially false,

fictitious, and fraudulent statement and representation" . . . by "falsely report[ing]

that he only picked up Jane Doe, and dropped her off at the lodge, in the morning

hours of June 22, 2024, when, in truth and fact, as NATHAN NICHOLAS

JOHNSON ST. GODDARD then and there knew, he had sexual contact with Doe,

in violation of 18 U.S.C. § 1001(a)(2)." (*Id.*)

## LEGAL STANDARD

A defendant may move to dismiss a count contained in an indictment for

"failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). The "court is bound by

the four corners of the indictment" when deciding a motion to dismiss under Rule

12. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). An indictment must

provide a "plain, concise and definite written statemen" of the essential facts

constituting the offense charged." Fed. R. Crim P. 7(c)(1).

An indictment proves sufficient if it contains "the elements of the charged

crime in adequate detail to inform the defendant of the charge and to enable him to

plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)

(citation omitted). An indictment "need only set forth the essential facts necessary

to inform the defendant of what crime [he] is charged; it need not explain all factual

evidence to be proved at trial." *United States v. Blinder*, 10 F.3d 1468, 1476 (9th

Cir. 1993). A court must accept as true the facts alleged in the indictment when analyzing whether a cognizable offense has been charged. *Boren*, 278 F.3d at 914.

## DISCUSSION

St. Goddard filed a motion to dismiss Count 4 of the Indictment. (Docs. 17 and 19.) St. Goddard argues that the Government failed to allege the offense with particularity as required by the Fed R. Crim. P. 7(c)(1). (*Id*. at 2.) St. Goddard contends that the Indictment does not allege the precise false statement he made or include the questioning posed by the FBI. (*Id*. at 2.) The Government counters that all the required elements of the offense have been charged, and the Indictment properly apprises St. Goddard of the offense charged. (Doc. 27 at 2.) The Government seeks to proceed to trial on all four of the counts alleged in the Indictment. (*Id*.)

Indictments prove sufficient if they track the statutory language defining an offense if the words in the statute unambiguously set forth all elements necessary to constitute an offense. *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). St. Goddard relies on *Russell v. United States*, 369 U.S. 749, 765 (1962), where the defendants were charged with making false statements for their failures to answer questioning at a congressional committee inquiry. *Id*. The U.S. Supreme Court deemed the indictment deficient because it "failed to identify the subject under congressional subcommittee inquiry at the time the witness was interrogated" *Id*. at

753. The indictments in *Russell* failed to fairly apprise the defendants with the necessary information. The defendants could not defend against the allegations without knowing the subject matter of the inquiry or what questions the defendants failed to answer. *Id*. at 764. The U.S. Supreme Court confirmed that the indictment's purpose serves "to inform the nature of the accusation against [the defendant]." *Id*. An indictment must state the subject matter of the inquiry with particularity, including the questioning that prompted the false statements. *Id*.

The facts here differ from *Russell*. St. Goddard is fully aware of the subject matter and FBI questioning at issue in the Indictment. The Indictment details that St. Goddard's alleged false statement relates to the FBI's inquiry into the alleged Sexual Abuse that occurred in the morning hours of June 22, 2024, as charged in Count 1. The Government apprised St. Goddard of the necessary details of the FBI questioning in which he made this alleged false statement. The Indictment properly informed St. Goddard of the essential facts and subject matter of the false statement to provide a defense at trial on Count 4, unlike the defendants in *Russell*.

St. Goddard further asserts that the Indictment fails because it does not allege the specific questions or the context regarding the alleged false statement St. Goddard made. (Doc. 17 at 5.) St. Goddard argues that "[w]ithout the verbatim statement, Defendant cannot determine if his words were literally true (e.g. if he did in fact pick up and drop off Jane Doe, even if other events occurred), or if the alleged

falsity arises from an omission, implication, or misinterpretation." (Doc. 17 at 4.) St. Goddard further contends that without the precise language of the FBI questioning and his answer contained in the Indictment, St. Goddard cannot evaluate the ambiguity of the statement or whether the statement he made was false, merely evasive, or literally true. (Doc. 17 at 5.)

The Ninth Circuit noted in *United States v. Nukida*, that "[a]lthough the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not 'invade the province of the ultimate finder of fact.' . . . 'If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred.'" 8 F.3d 665, 669 (9th Cir. 1993) (*quoting United States v. Shortt Accountancy Corp.*, 785 F. 2d 1448, 1452 (9th Cir. 1986), *cert denied*, 478 U.S. 1007 (1986)). "A motion to dismiss is not a proper way to raise a defense." *United States v. Snyder*, 428 F.2d 520, 522 (9th Cir. 1970).

St. Goddard relies on *Bronston v. United States*, 409 U.S. 352, 360 (1973), for the literal truth defense and the proposition that ambiguity or vagueness in questioning cannot support a § 1001 charge. The Ninth Circuit has applied *Bronston* to the extent that ambiguous questions cannot support a conviction under a § 1001 False Statement charge, and that the government must prove that the defendant understood the questioning in a way that rendered the answer false. *United States v.*

*Thomas*, 612 F.3d 1107, 1115-16 (9th Cir. 2010). The Ninth Circuit, when analyzing *Bronston*, determined that differences exist between fundamentally ambiguous questions and questions that contain some ambiguity. *United States v. Camper*, 384 F. 3d 1073, 1076 (9th Cir. 2004). "The context of the question and other extrinsic evidence relevant to the defendant's understanding of the question may allow the finder of fact to conclude that the defendant understood the question as the government did and, so understanding answered falsely." *Id*. (citing *United States v. Culliton*, 328 F. 3d 1074, 1079 (9th Cir. 2003) (per curiam), *cert denied*, 540 U.S. 1111 (2004)). Further, "the fact finder decides which of the plausible interpretations of an ambiguous question the defendant apprehended and responded to." *Id.*

Any ambiguity in the FBI questioning of St. Goddard, or St. Goddard's literal truth defense, will be better addressed at trial, rather than in a motion to dismiss. It will be the Government's burden to prove at trial that the FBI's questioning of St. Goddard was not ambiguous, and that St. Goddard understood the falsity of his statement. The jury may rely on the context of the questioning as well as other extrinsic evidence, such as St. Goddard's age and sophistication, to determine at trial whether St. Goddard understood the questioning and the alleged falsity of his answers. *Camper*, 384 F. 3d at 1076. The Ninth Circuit has held that "even when a question has two plausible meanings, where the evidence proves that the defendant understood one such meaning and answered falsely to it, a jury can convict for false

statement." *Camper*, 384 F. 3d at 1078 (citing *United States v. Matthews*, 589 F. 2d

442, 445 (9th Cir. 1978); *United States v. Carrier*, 654 F. 2d 559, 562 (9th Cir.

1981)). The Government put St. Goddard on proper notice of the allegations against

him concerning the alleged false statement he made when being questioned by FBI

agents on September 10, 2024. St. Goddard knows that the Government charges him

with having reported that he only provided a ride to Jane Doe 1 on the night in

question. St. Goddard knows that the Government claims that he failed to inform the

FBI agents that sexual contact with Jane Doe 1 had occurred, when the FBI's

questioning prompted such an answer.

St. Goddard primarily relies on case law that determined that a § 1001 False

Statement conviction must be reversed when government had failed to prove the

charge due to the ambiguous nature of the government's questioning. *See United*

*States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004); *United States v. Sainz*, 772

F.2d 559, 563-64 (9th Cir. 1985); *United States v. Thomas*, 612 F.3d, 1107, 1115-16

(9th Cir. 2010). None of the cases on which St. Goddard relies stand for the

proposition that a § 1001 False Statement charge requires dismissal before trial due

to the literal truth defense or lack of direct quotations to the statement in the

indictment. The Court finds that dismissal at this stage would be premature. The

Government must prove beyond a reasonable doubt at trial all the elements of the §

1001 False Statement charge. St. Goddard has at this point received through

discovery a copy of his interview with the FBI in which he made the alleged false statements.

St. Goddard's contentions that his statements to the FBI may have been literally true or merely evasive can be argued to the jury at trial. St. Goddard may cross-examine the FBI agents who questioned him at trial about the accusations contained in the Indictment. St. Goddard also remains free at trial to address any ambiguous nature of the FBI's questioning. *Bronston*, 409 U.S. at 360. It remains the province of the jury to determine whether St. Goddard's statements, as outlined sufficiently in the Indictment, were false.

Accordingly, **IT IS ORDERED** that St. Goddard's Motion to Dismiss Count 4 of the Indictment (Docs. 17.) is **DENIED.**

DATED this 4th day of November 2025.


_____
Brian Morris, Chief District Judge
United States District Court